IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FARMERS NEW CENTURY   :   No. 3:09cv121
INSURANCE COMPANY,
      Plaintiff    :   (Judge Munley)
           :
   v.         :
           :
MICHAEL LAMBERT and   :
PATRICIA SALAZAR,    :
      Defendants   :

## MEMORANDUM

Before the court is Plaintiff Farmers New Century Insurance Company's complaint for a declaratory judgment in an insurance coverage dispute. For the reasons explained below, we will decline to exercise our discretion to hear the case.

## Background

A vehicle in which Defendant Michael Lambert rode as a passenger was involved in a motor vehicle accident on or about July 23, 2005. (Doc. 1, Compl. at ¶ 5). Defendant Patricia Salazar is the mother of Defendant Michael Lambert. (Id. at ¶ 9). Patricia Salazar was insured through an insurance policy issued by Plaintiff Farmers New Century Insurance Company.[1] Michael Lambert has made a claim for underinsured motorist benefits under the policy. (Id. at ¶ 7). Lambert's position is that he is an insured under the policy. (Id. at ¶ 8). The plaintiff insurance company's position is that the policy covers only Salazar and any "family members." The policy defines "family member" as a relation who resides in the same household as the named insured. (Id. at ¶ 11). Plaintiff avers that Lambert

---

[1] The insurance policy number is 16242-81-11. (Doc. 1, Complaint ¶ 10). A second policy was in effect on the date of the accident, but it is unclear from the complaint what role this policy plays in the instant action. (Id.).

did not reside with Salazar, and therefore he is not an insured under the policy and not entitled to underinsurance motorist benefits.  (Id. at ¶ ¶ 14 - 16).  Based upon these averments, plaintiff filed the instant complaint seeking a declaration that Lambert is not a "family member" under the terms of the policy; that the policy entitles no coverage to Lambert for underinsured motorist benefits; that Lambert is not entitled to underinsured motorist arbitration; and that no under-insured motorist arbitration should take place.  (Id. at ¶ 18).

## Jurisdiction

This Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332.  The plaintiff is an Illinois corporation with a principal place of business in Aurora, Illinois, and the defendants are citizens of Pennsylvania.  (Doc. 1, Complaint ¶ ¶ 1, 2, 9).  Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case.  Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

## Discussion

As noted above, the plaintiff seeks a declaratory judgment.  The federal Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a) (emphasis added).  The United States Supreme Court has declared that "[d]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise

2

satisfies subject matter jurisdictional prerequisites." <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 282 (1995). The Court further explained that the Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." <u>Id.</u> at 287 (internal quotations omitted) (citations omitted). The Third Circuit Court of Appeals has concluded that a court's decision whether to exercise its discretion to hear an action under the Declaratory Judgment Act "requires some inquiry into the scope of the state court proceeding, the nature of defenses available there, and the claims of all parties in interest can satisfactorily be adjudicated in that proceeding." <u>Sate Auto Ins. Co. v. Summy</u>, 234 F.3d 131, 133 (3d Cir. 2001). Further, "[a] federal court should also decline to exercise its discretionary jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation." <u>Id.</u> at 135. These considerations are especially important because "district courts should give serious consideration to the fact that they do not establish state law, but are limited to predicting it." <u>Id.</u> A court may *sua sponte* exercise its discretion not to hear a case under the Declaratory Judgment Act. <u>Id.</u> at 136.

The question here is therefore whether we should exercise our discretion to decline to hear a declaratory judgment action. The plaintiff seeks to have this court declare that it has no duty to provide underinsurance motorist benefits to Defendant Mark Lambert or to participate in arbitration on the matter. Our decision would turn on state law contract interpretation, and would depend largely on applying well-settled principles of Pennsylvania law to the factual occurrences that gave rise to the controversy between the parties. Plaintiff does not ask us to

resolve questions of federal statutory or constitutional law which we might be peculiarly qualified to answer. In short, plaintiff seeks to have this court issue a judgment, based on state law, that will allow the insurance company to avoid any potential obligations. A state court can as easily answer these questions as we can, and there is no need to resort to a federal forum to do so. See Summy, 234 F.3d at 136 (finding that "the desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum").

Accordingly, we will exercise our discretion to decline jurisdiction in this case. See id. (holding that "[t]he state's interest in resolving its own law must not be given short shrift simply because one party or, indeed, both parties, perceive some advantage in the federal forum. When the state law is firmly established, there would seem to be even less reason for the parties to resort to the federal courts.").[2] An appropriate order follows.

---

[2]We acknowledge that this proceeding is not "parallel" to a proceeding in state court, as was the case in Summy and Wilton. We agree with the court in Nationwide Mutual Ins. Co. v. Yungwirth, No. Civ. A. 04-1681, 2005 WL 3070907, *2, (W.D. Pa. Nov. 15, 2005), which concluded that the presence of a parallel state court action was not a determinative factor in the decision not to exercise jurisdiction over a declaratory judgement action. As in that case, where the court determined that declining jurisdiction was appropriate because of a "lack of any federal interest in this dispute," this case addresses a state-law issue that implicates no federal interest.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FARMERS NEW CENTURY      :    No. 3:09cv121
INSURANCE COMPANY,       :
                 Plaintiff   :    (Judge Munley)
                            :
        v.                 :
                            :
MICHAEL LAMBERT and       :
PATRICIA SALAZAR,         :
                 Defendants   :

## ORDER

**AND NOW,** to wit, this 27th day of January 2009, the plaintiff's complaint (Doc. 1) under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, is hereby **DISMISSED** *sua sponte.* The Clerk of Court is directed to close the case.

BY THE COURT:

s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

5